## Third National Bank of Nashville v. Tagnani

*John M. Gallagher,* for plaintiff.
*Thomas J. Carlyon,* for defendant.

MUNDY, *J.,* February 4, 1993—This matter comes before the court on a motion to open and/or strike foreign judgment filed by the defendant, Sylvano Tagnani.

The action was initiated when the plaintiff filed a complaint against the defendant in the Chancery Court for Davidson County, at Nashville, Tenn., on July 21, 1989. The plaintiff, in that action, sought judgment against the defendant in the amount of $32,506.07, plus interest, attorney's fees and costs allegedly arising from the defendant's execution of a certain limited guaranty to the plaintiff bank.

On August 18, 1989, the defendant filed an answer to the complaint averring that the defendant's indebtedness on the guaranty to the plaintiff bank was $2,500 and not the $35,506.07 demanded.

In February of 1991, the attorney representing the defendant was granted leave to withdraw his appearance, and, thereafter, the defendant was unrepresented.

On April 18, 1991, the plaintiff bank filed a motion to set a trial date in the action and, according to plaintiff's counsel an order of court set the date for July 8, 1991, at 9 a.m. The docket entries from Davidson County reflect the entry of an order on July 1, 1991, setting trial for July 8, 1991, at 1:30 p.m., but do not reflect the alleged original order. Moreover, the docket does not reflect that either order was served on the defendant-petitioner.

Plaintiff maintains that notice of the original order was sent by certified mail on May 3 and June 6, 1991, as well as by regular mail. Plaintiff acknowledges, however, that the certified mailings were both returned unclaimed. Additionally, with regard to the original order, plaintiff's counsel maintains that he advised a person who identified himself as the defendant-petitioner of the original date by a telephone conversation on June 6, 1991. The defendant-petitioner denies he was so advised.

With regard to the subsequent order, scheduling this matter for July 8, 1991, at 1:30 p.m., certified mail forwarded on July 2, 1991, was also returned unclaimed. Telephonic notice was allegedly made to a person who identified herself as the defendant-petitioner's housekeeper on said date, but not to the defendant-petitioner.

The trial occurred in the Tennessee Court on July 8, 1991, at 1:30 p.m., and the defendant was not present. The court apparently accepted some evidence as to the indebtedness, and judgment was entered against the defendant in the amount of $39,285.47 plus $8,892 in attorney's fees, interest and costs.

On November 26, 1991, the Tennessee judgment was entered in the Prothonotary's Office of Luzerne County as a foreign judgment.

On January 21, 1992, the present action was initiated by the defendant by the filing of a rule requesting that the foreign judgment of November 26, 1991, be opened or stricken. The plaintiff avers that he received no actual or constructive notice of the Tennessee proceeding, and became aware of the judgment for the first time on December 2, 1991, when he received notice of the Luzerne County judgment.

Therefore, at issue before this court is the validity of the said foreign judgment entered in Luzerne County on November 26, 1991.

The Pennsylvania Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S §4603(b), provides as follows:

"(b) Filing and status of foreign judgments—A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with [an] act of Congress or this title may be filed in the office of the clerk of any court of common pleas of this Commonwealth. The clerk shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of the filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for re-opening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner."

Our Legislature has recognized the potential due process issues that arise in conjunction with the entry of foreign judgments. As a result of that recognition, the Uniform Foreign Money Judgment Recognition Act of November 22, 1990, P.L. 559, reported in 42 Pa.C.S. §22001 et seq. at §22004, adopted in Pennsylvania, states:

"A foreign judgment need not be recognized if:

"(1) The defendant in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend."

As is clear from the language of the Acts aforesaid, a foreign judgment is entitled to full faith and credit in Pennsylvania so long as there was jurisdiction by the court which originally awarded judgment and defendant had an opportunity to appear and defend. The second prong of that two-fold test is the issue before this court; i.e., whether the defendant had an opportunity to appear and defend. Having an opportunity to appear and defend presumes notice of the proceeding, such notice being the most basic requirement of due process. Failure to provide notice of the proceedings in a manner reasonably calculated to inform the party is fatally defective to everything that flows from said proceedings.

The burden of proof with regard to the failure to provide notice rests with the party challenging the validity of the judgment, the defendant-petitioner herein.

In support of the aforesaid burden, the defendant-petitioner testified as follows:

*Q.* "Did you ever receive any notice that a trial had been listed in this matter for July 8, 1991, either at 9 a.m. or at 1:30 p.m.?"

*A.* "Absolutely not."

The defendant-petitioner did not appear at the July 8, 1991, trial, commencing at 1:30 p.m., at which the judgment which is the subject of this proceeding was rendered. On its face, and in the absence of evidence to the contrary, the foregoing establishes the petitioner's burden.

A review of the entire record before this court does not establish with sufficient certainty that the defendant was properly notified of the Tennessee proceedings. In

fact, with regard to the July 8, 1991, 1:30 p.m. hearing, from which the judgment at issue in this proceeding issued, the evidence is to the contrary. The certified mailing was returned unclaimed, and the only telephonic discussion was with an unidentified person who indicated she was the defendant-petitioner's housekeeper. Even, if such notice had been received, however, it was not received in a timely enough fashion to provide the defendant-petitioner with an opportunity to properly defend.

As to the alleged original hearing, scheduled for July 8, 1991, at 9 a.m., both certified mailings were returned unclaimed and the regular mailings were sent to the same inaccurate address. As to the alleged phone call, there is a dispute as to its substance. Overriding all of the above, however, is the fact that even if that notice was received, that proceeding was rescheduled and there is no clear evidence that the rescheduled notice was received.

While this court appreciates the frustration apparent in the attempts to provide proper notice, to relax the notice requirements in a proceeding such as this would undermine the very foundation of our system of justice. Absent more concrete evidence of proper notice, there is no choice but to enter the attached

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) The petition to open and/or strike foreign judgment filed by the defendant, Sylvano Tagnani, is granted;

(2) The judgment entered by the plaintiff in the Prothonotary's Office of Luzerne County on November 26, 1991, is hereby stricken; and

(3) The prothonotary is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.